UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| MITCHELL BACON<br>    *PLAINTIFF*<br><br>    *V.*<br><br>MCCARTHY, BURGESS & WOLFF, INC.<br>    *DEFENDANTS* | CIV. ACTION NO. 4:25-CV-00844 |

JOINT DISCOVERY/CASE MANAGEMENT PLAN UNDER RULE 26(F)
FEDERAL RULES OF CIVIL PROCEDURE

Pursuant to the Court's Order [Doc. 3] and Federal Rule of Civil Procedure 26(f), Plaintiff, Mitchell Bacon ("Plaintiff"), and Defendant McCarthy, Burgess & Wolff, Inc. ("Defendant"), submit this Joint Discovery/Case Management Plan, and state as follows:

1. State when the conference of the parties required by Rule 26(f) was held, and identify the counsel who represented each party.
   - The parties conducted the Rule 26(f) Conference by telephone on March 25, 2025 at 3:45 p.m. CST. Counsel for Plaintiff, Amy Clark, and Counsel for Defendant, Khari Ferrell, conducted the conference.

2. List the cases related to this one that are pending in any state or federal court with the case number and court.
   - None

3. Specify the allegation of federal jurisdiction.
   - Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

4. Name the parties who disagree and the reasons.
   - None.

5. List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.
   - The Parties are presently unaware of any additional parties who should be included; however, discovery has not yet commenced. The Parties proposed a deadline of May 23, 2025, to file motions for leave to amend pleadings and/or join additional parties.

6. List anticipated interventions.
   - None.

7. Describe class action issues.
   - None.

8. State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.
   - Parties will exchange Rule 26(a)(1) initial disclosures on or before **April 18, 20205**.

9. Describe the proposed agreed discovery plan, including:
   A) Responses to all the matters raised in Rule 26(f).
      i) What changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement of when initial disclosures were made or will be

made?

The Parties do not propose any changes to the timing, form or requirement for disclosures under Rule 26(a). The Parties agree to serve initial disclosures on or before April 18, 2025.

ii)  The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues.

Oral and written discovery is needed regarding: the factual bases and merits of Plaintiff's claims and alleged damages; Defendant's alleged liability, denials, and Affirmative Defenses.
Discovery should be completed by November 21, 2025 and should not be conducted in phases and should be limited as provided by the Federal Rules of Civil Procedure and the Court's Local Rules.

iii)  Any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced?

None. The Parties have discussed the disclosure or discovery of electronically-stored information ("ESI"). The Parties are aware of their respective duties to preserve such information and do not now anticipate difficulties related to discovery of such information. Except for any voice and/or video recordings, the Parties agree that ESI may be produced in electronic format or printed format.

iv)  Any issues about claims of privilege or of protection as trial-preparation materials, including—if the parties agree on a procedure to assert these claims after production—whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502?

Pursuant to Fed. R. Evid. 502(d), the parties agree as follows: "In connection with this litigation, if a party or non-party (the 'Disclosing Party') inadvertently discloses information subject to a claim of attorney-client privilege or work product protection ('Inadvertently Disclosed Information'), such disclosure shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work product protection with respect to the Inadvertently Disclosed Information or its related subject matter in this litigation or in any other court or legal proceeding."

v)  What changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed?

None

vi) Any other orders that the court should issue under Rule 26(c) or under Rule 16(b) and (c)?

Defendant will require entry of a Confidentiality and Protective Order for documents respectively deemed confidential based on trade secrets, proprietary documents, or other confidential subject matters. The Parties will confer regarding the proposed contents of the Confidentiality and Protective Order and if the Parties are able to agree, will jointly move for entry of the proposed Confidentiality and Protective Order.

B)  When and to whom the plaintiff anticipates it may send interrogatories.

- Plaintiff will send interrogatories by May 30, 2024.

C)  When and to whom the defendant anticipates it may send
interrogatories.

- Defendant anticipates sending interrogatories to the plaintiff within
60 days of the Parties Rule 26(f) Conference.

D)  Of Whom and by when the plaintiff anticipates taking oral
depositions.

- Plaintiff anticipates taking oral deposition of person at Defendant
who personally handled the validation of his debt.

E)  Of Whom and by when the defendant anticipates taking oral
depositions.

- Defendant anticipates taking oral depositions of the plaintiff and
any third parties with knowledge regarding Plaintiff's claims or
alleged damages.

F)  When the plaintiff (or the party with the burden of proof on an
issue) will be able to designate experts and provide the reports
required by Rule 26(a)(2)(B), and when the opposing party will be
able to designate responsive experts and provide their reports.

- Plaintiff by **July 18, 2025**
- Defendant by **August 22, 2025**

G)  List expert depositions the plaintiff (or the party with the burden of
proof on an issue) anticipates taking and their anticipated
completion date. See Rule 26(a)(2)(B) (expert report).

- Plaintiff will take depositions of any expert designated by
Defendant, if necessary, and will be completed within 60 days of
the date of receipt of the expert's report.

H)  List expert depositions the opposing party anticipates taking and

their anticipated completion date. See Rule26(a)(2)(B) (export report).

- Defendant anticipates taking expert depositions of any expert designated by the Plaintiff.  Defendant anticipates completing those depositions by **November 21, 2025.**

10. If the parties are not agreed on a part of the discovery plan, describe the separate view and proposals of each party.
- The parties are in agreement.

11. Specify the discovery beyond initial disclosures that has been undertaken to date.
- None.

12. State the date the planned discovery can reasonably be completed.
- The parties anticipate fact discovery will be completed by Nov**ember 21, 2025** and expert discovery by **December 19, 2025**.

13. Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.
- The parties are engaged in settlement discussions and these shall continue.

14. Describe what each party has done or agreed to do to bring about a prompt resolution.
- Plaintiff has provided a settlement demand to Defendant and Defendant has provided a counter.

15. From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable.
- If the Parties are unable to reach a resolution, the Parties agree to

conduct mediation before a Magistrate Judge prior to the close of discovery, but after some time for discovery has passed.

16. Magistrate judges may now hear jury and nonjury trials. Indicate the parties' joint position on a trial before a magistrate judge.
- Parties do not consent.

17. State whether a jury demand has been made and if it was made on time.
- No jury demand has been made.

18. Specify the number of hours it will take to present the evidence in this case.
- The parties anticipate 16-24 hours to present the evidence (2-3 days).

19. List pending motions that could be ruled on at the initial pretrial and scheduling conference.
- None.

20. List other motions pending.
- None.

21. Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.
- None.

22. List the names, bar numbers, addresses and telephone numbers of *all* counsel.

Plaintiff's counsel – Amy Beth Clark

Texas Bar No. 24043761

Ciment Law Firm, PLLC

221 Bella Katy Drive

Katy, Texas 77494

Ph: 833-663-3289

amy@cimentlawfirm.com

Defendant's counsel – Khari M. Ferrell

Texas Bar No. 24116357

Frost Echols

18383 Preston Road

Suite 350

Dallas, Texas 75252

Ph: 817-290-4357

Khari.Ferrell@FrostEchols.com

|  | 3/25/2025 |
|---|---|

Amy Beth Clark – Counsel for Plaintiff

|  | 3/25/2025 |
|---|---|

/s/ *Khari M. Ferrell*

Khari M. Ferrell – Counsel for Defendant